UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81191-CIV-RYSKAMP/VITUNAC

SHAWNTA DENT,

    Plaintiff,

v.

JOSEPH A. GIAIMO, D.O., P.A.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION

THIS CAUSE comes before the Court upon defendant's motion to dismiss and alternative motion for summary judgment **[DE 5]** filed on November 10, 2008.  Plaintiff responded **[DE 34]** on January 20, 2009.  Defendant did not reply.  This Court held a hearing on March 6, 2009.  The motion is now ripe for adjudication.

It should be noted that during the briefing of the above motion, plaintiff filed a motion to stay to conduct limited jurisdictional discovery **[DE 6]** on November 20, 2008.  This Court issued an Order to Show Cause requiring plaintiff to file an affidavit providing evidence that defendant's practice was subject to the provisions of the FLSA **[DE 9]** issued on November 25, 2008.  Defendant responded to the motion to stay **[DE 10]** on November 25, 2008.  Plaintiff filed her affidavit in resposne to this Court's Show Cause Order **[DE 11]** on December 3, 2008.  This Court then issued another Order to Show Cause **[DE 13]** on December 4, 2008 requiring defendant to respond to plaintiff's affidavit.  Defendant responded **[DE 14]** on December 12, 2008 and filed a supplemental response **[DE 15]** that same day.  This Court denied the motion to stay **[DE 33]** on January 12, 2009.

**I.     Introduction**

Plaintiff filed this lawsuit under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq*. Starting on July 8, 2006, plaintiff worked as a medical assistant for defendant. Her duties included checking patients in and out of their appointments, verifying insurance coverage, answering the phone, filing, faxing and other clerical duties. She alleges that she often worked over forty hours per week. She also alleges that defendant's annual gross sales volume exceeds $500,000.00. At issue in this case is whether defendant engaged in interstate commerce. This Court holds that defendant does not and that the provisions of the FLSA do not apply.

**II.    Standard of Review**

Defendant filed the motion to dismiss and alternative motion for summary judgment. This Court construes the motion as one for summary judgment as opposed to a motion to dismiss. To determine whether the complaint contains sufficient factual allegations, courts must look at the complaint and the supporting documents submitted with the complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10; *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). If there is a conflict between the complaint and supporting documents, the information contained in the supporting documents controls. If the plaintiff fails to attach a crucial document to the complaint, a defendant may include that document with its motion to dismiss, but the Court's consideration of that document may convert the motion into one for summary judgment. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11th Cir. 2002).

A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party.  *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party.  *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).  "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores*, *Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324).  Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition

will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

**III.    Analysis**

Federal courts are courts of limited jurisdiction. Subject matter jurisdiction exists in two instances: when there is complete diversity between the parties or when a plaintiff raises a federal question. The FLSA is a federal statute. To establish jurisdiction under the FLSA plaintiff must show either (1) individual coverage or (2) enterprise coverage. 29 U.S.C. § 207(a)(1). Individual coverage exists where the employee herself is engaged in commerce of the production of goods for commerce. This will be discussed separately.

*<u>Enterprise Coverage</u>*

Enterprise coverage has two prongs and occurs where (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) where the employer's annual gross volume of sales is $500,000 or more. 29 U.S.C. §203(s)(1)(A); 29 C.F.R. §779.238. Defendant concedes prong two.

To determine "what constitutes 'engaged in commerce' for enterprise coverage, courts may look to the definitions used in individual coverage cases." *Lamonica v. Safe Hurricane Shutter, Inc.*, 578 F.Supp.2d 1363, 1366 (S.D. Fla. 2008). As such, plaintiff must show that defendant has two or more employees that are "directly participating in

the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce ... or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone [or] mails ... " *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). These employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist. *Scott v. K.W. Max Investments, Inc.*, 256 F.App'x 244, 247 (11th Cir. 2007).

As an initial matter, plaintiff cites cases that hold that the second prong of the enterprise coverage test is determinative. She argues that since defendant conceded that his business grossed at least $500,000 per year that this Court should simply deny the motion in its entirety and rely exclusively on the second prong of the test. This Court disagrees. Simply because some judges have recognized that business with annual gross sales volume exceeding $500,000 often also engage in interstate commerce, does not mean that all such business are engaged in interstate commerce. The statute requires that a business meet both prongs of the test before jurisdiction rests in the federal courts.

This Court now turns to the first prong of the test and holds that plaintiff failed to show that defendant had two or more employees regularly and recurrently engaged in commerce, or had two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by any person. Plaintiff averred that she was engaged in interstate commerce through long distance phone calls and facsimiles as well as processing patient's credit card payments. She says that while employed, defendant and an office manager, Ms. Erb, were also employed. Plaintiff, however, did not state that defendant or Ms. Erb engaged in the same type of alleged interstate activity. Plaintiff then states that the company

periodically hired other full time employees who engaged in the same activity as plaintiff. Plaintiff, however, failed to provide the frequency with which defendant employed others to engage in the same type of office work that plaintiff alleges she preformed. Moreover, plaintiff failed to allege what percentage of that employee's time was spent preforming the alleged interstate activity.

### *Individual Coverage*

In support of a possible claim for individual coverage, plaintiff averred that about 70% of defendant's patients are not Florida residents, that she regularly used the telephone, internet and facsimile machine to contact out of state insurance companies, and that she processed patients' credit card payments.

In regards to the fact that some of defendant's patients were not full time Florida residents, this Court finds the ultimate-consumer doctrine instructive. That doctrine states that goods are no longer in the stream of commerce once obtained by the ultimate consumer thereof. 29 U.S.C. §203(I); *Thorne*, at 1267. This Court holds that although some patients may have been residents of other states, defendant was not engaged in interstate commerce if his contact with those patients was primarily local. Defendant averred that he only works within Florida. Defendant is licensed in Florida and other states but his license is "inactive" everywhere except Florida. There is no evidence to suggest that defendant solicited business from patients while they were out of state or that any contact with out of state patients was regular or recurrent.

This Court also holds that plaintiff's use of the telephone or facsimile machines to make long distance phone calls or use of the internet and credit cards is insufficient to establish jurisdiction. To be considered "engaged in interstate commerce" a business

must use a credit card specifically to transact business in interstate commerce. Here, defendant has submitted sufficient evidence to show that his practice is a local enterprise "and the items used in the business proliferated this goal of local service." *Polycarpe v. E&S Landscaping Servs, Inc.*, 572 F.Supp.2d 1318, 1321-22 (S.D. Fla. 2008). This also appears to be the case in regards to internet usage. *Pierre C. Bien-Aime v. Nanak's Landscaping, Inc.*, 2008 WL 3892160 (S.D. Fla. August 12, 2008). "The fact that the Defendant Company provided services of an exclusively local nature is dispositive. *Polycarpe* at 1322.

In regards to telephone and facsimile usage, although plaintiff averred that her job duties *included* contacting out of state insurance companies she did not allege how much of her time was spent conducting these activities. It could be that defendant or Ms. Erb conducted the majority of those activities and that plaintiff only occasionally contacted out of state insurance companies. As such, she has failed to show that she regularly and recurrently engaged in interstate commerce.

Based on the above, it is hereby,

ORDERED AND ADJUDGED that defendant's motion for summary judgment **[DE 5]** is GRANTED. Final judgment shall be issued by separate order.

DONE AND ORDERED in West Palm Beach, Florida this 19 day of March, 2009.

　　　　　　　　　　　　　　　　　　　　　/s/ Kenneth L. Ryskamp
　　　　　　　　　　　　　　　　　　　　　KENNETH L. RYSKAMP
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Copies provided to:
All counsel of record