UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81191-Civ-Ryskamp/Vitunac

SHAWNTA DENT,

Plaintiff

v.

JOSEPH A. GIAIMO, D.O., P.A.,

Defendant.
_____/



FILED by _____ D.C.
SEP 2 2 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference (DE 49) from United States District Judge Kenneth L. Ryskamp "for a decision on defendant's motion for attorney's fees and costs (DE 47)." Defendant's Verified Motion for Attorney's Fees (DE 47) is before the Court. Plaintiff filed a Response (DE 53), Defendant filed a Reply (DE 60), and on July 23, 2009, the Court held a hearing on the motion. The matter is ripe for review.

## BACKGROUND

On October 5, 2008, Plaintiff, a medical specialist, sued her former employer, a pulmonary physician located in North Palm Beach, Florida. Her Complaint (DE 1) sought back wages, liquidated damages, prejudgment interest, and attorneys' fees based on alleged overtime violations of the Fair Labor Standards Act (FLSA). Defendant moved to dismiss (DE 5) arguing that Plaintiff could not establish jurisdiction under the FLSA because (a) Defendant did not employ anyone engaged in interstate commerce or the production of goods for interstate commerce, and (b) Plaintiff

1

was not employed in interstate commerce when she worked for Defendant.

On November 20, 2008, Plaintiff filed a Motion to Stay Briefing (DE 6), which argued that Defendant's motion to dismiss was premature because discovery had not yet commenced. Five days later, the Court issued an Order to Show Cause (DE 9) to Plaintiff. The Order noted Defendant's argument that it was not bound by the FLSA and ordered Plaintiff, in ten days, to "file an affidavit providing facts to support her contention that defendant does have more than two employees engaged in interstate commerce." The Order provided that if the Court found Plaintiff's affidavit sufficient, it would allow limited discovery for thirty days on the jurisdictional issue only. The Order also cautioned Ms. Jolivert-Dorsey that she would be personally responsible for Defendant's attorneys' fees and costs if the Court found the lawsuit frivolous under Rule 11.

Plaintiff filed an affidavit (DE 11), attesting that more than 70% of the Defendant's patients were non-Florida residents and detailing her work, which included calling out-of-state insurance companies to verify patient coverage. Upon Court order, Defendant filed a response (DE 14) to Plaintiff's affidavit, which argued that the affidavit failed to show Defendant was subject to the FLSA's provisions. The Court agreed and, on January 13, 2009, denied Plaintiff's motion to stay proceedings and ordered Plaintiff to respond to Defendant's motion to dismiss.

On January 20, 2009, Plaintiff responded to Defendant's motion to dismiss. Plaintiff repeated her argument that Defendant's motion to dismiss was premature because it raised factual issues inappropriate for that stage of the litigation. Plaintiff also argued the Court had subject matter jurisdiction because Defendant was engaged in commerce and did an annual gross volume of business of more than $500,000. On February 3, 2009, Plaintiff filed a Notice of Supplemental Authority (DE 38) in the form of an amicus brief from the Department of Labor in the Eleventh

Circuit case of Bien-Aime v. Nanak's Landscaping, Inc. et al.. Defendant moved to strike arguing that it was an impermissible sur-reply. The Court agreed and granted Defendant's motion.

On March 19, 2009, U.S. District Judge Kenneth L. Ryskamp entered an order (DE 45) granting Defendant's motion for summary judgment. The Court found that Plaintiff failed to show FLSA coverage under the individual theory or the enterprise theory and entered final judgment (DE 46) in Defendant's favor the same day.

## PARTIES' CONTENTIONS

### Defendant's Motion for Attorney Fees

Defendant now moves for attorneys' fees from Plaintiff and Plaintiff's counsel, Lissa Jolivert-Dorsey. As to Plaintiff, Defendant argues that fees should be awarded for two reasons. First, Defendant argues that fees are appropriate because the case was frivolous. In support, Defendant relies on the Court's summary judgment ruling in Defendant's favor. Second, Defendant argues that fees are appropriate because Plaintiff brought the suit in bad faith or with malice. In support, Defendant points to Plaintiff's testimony at an unemployment hearing (Ex. 2), during which Plaintiff testified that she did not intend to sue Defendant and had requested her pay and time records from Defendant for other reasons. Defendant contends this demonstrates Plaintiff had no claim for overtime pay against defendant, but still sued.

As to Plaintiff's counsel, Defendant argues that Ms. Jolivert-Dorsey should have known, as a practitioner in this area of law, that coverage did not exist under the FLSA in this case, and that she continued litigation even after it became clear jurisdiction did not exist. As an example of the latter action, Defendant points to Plaintiff's Motion to Stay Briefing on Defendant's Motion to Dismiss, which Defendant argues was designed "to greatly expand discovery and hence the

3

expenditure of attorneys' fees in this case, which is a favorite tactic of plaintiff's lawyers to pull in these FLSA cases to ratchet up the pressure on an employer to settle" (DE 47 p. 5).

Defendant reaches the amount of fees he seeks by using the lodestar method – a reasonable hourly rate multiplied by a reasonable amount of hours billed. Lead counsel for Defendant, Chris Kleppin, states that he billed 44.6 hours in the case at an hourly rate of $300 and that Lloyd S. Glasser and Harry O. Boreth expended a combined 5.8 hours at an hourly rate of $300. Mr. Kleppin argues his $300 hourly rate is reasonable because he has practiced since 2003, concentrated in labor and employment law for the past six years, tried numerous cases in federal court, prevailed in his last six jury trials, and has charged an hourly rate of $300 since 2008. Mr. Kleppin submits that the $300 hourly rate for Mr. Glasser and Mr. Boreth is significantly less than what these two experienced attorneys typically command. In support of the number of hours he, Mr. Glasser and Mr. Boreth billed, Mr. Kleppin attaches the affidavit of Gloria O. North, an attorney with 26 years experience practicing in Broward and Palm Beach Counties (Ex. 5). Ms. North attests that in her opinion the number of hours expended by the firm of Glasser, Boreth, and Kleppin is reasonable. Thus, Defendant submits the lodestar calculation in this case is as follows: $300 per hour x 50.4 hours billed = $15,990. Defendant also seeks interest on the attorneys' fees and costs award from the date of the court's final order, March 19, 2009.

## Plaintiff's Response

In her response to the motion for fees, Plaintiff argues that the law does not support Defendant's claim for fees against her or her counsel. Plaintiff contends that Defendants' argument is, simply, that Plaintiff's case should never have been brought because the Court did not find in her favor. But, Plaintiff rejoins, this argument fails because (a) the FLSA only authorizes an award of

4

attorneys' fees to a prevailing defendant if the plaintiff files a claim in bad faith, vexatiously, wantonly, or for oppressive reasons, and (b) 28 U.S.C. § 1927 only authorizes an award of attorneys' fees if the conduct of Ms. Jolivert-Dorsey rises to the level of bad faith. Lastly, Plaintiff points out that, although the Court warned that Ms. Jolivert-Dorsey would be personally responsible for attorneys' fees and costs if the Court found the lawsuit frivolous under Rule 11, the Court never made any finding that Plaintiff's case was frivolous.

Plaintiff also argues that Defendant's request for $15,990 in fees is unreasonable. First, Plaintiff disputes Mr. Kleppin's $300 per hour fee, because in an FLSA case[1] before Judge Moreno, Mr. Kleppin's testified that plaintiff's counsel's hourly rate should be $187.50. Second, Plaintiff disputes the amount of time Mr. Kleppin expended on this case, because his filings in this case are form-filings that he has used in dozens of other cases. Thus, Plaintiff concludes that, if the Court decides to award fees, they should be less than $187.50 per hour and should only be awarded from the point at which the Court finds the proceedings were multiplied.

### Defendant's Reply

In its reply, Defendant argues that Plaintiff was allowed to engage in discovery, but chose not to. Defendant also argues that Plaintiff erroneously claims the Court may only award fees against Plaintiff if the suit was filed "in bad faith, vexatiously, wantonly, or for oppressive reasons." In fact, the Court may award fees if the case was frivolous, unreasonable, without foundation, or Plaintiff continued to litigate after the case became so. Defendant argues no Rule 11 letter was required. Defendant also argues that no prior finding of frivolousness is required before the Court awards fees, and that, in any event, the Court had already warned Plaintiff fees may be assessed.

---

[1] Broder v. Stroup & Martin, P.A. and James W. Stroup, Case No. 08-61641-CIV-Moreno

5

Defendant maintains that his fee and the hours expended were reasonable. Defendant contends that Plaintiff's argument based on Mr. Kleppin's statements in the Broder case are distinguishable because there, Mr. Kleppin opined as to a reasonable fee for plaintiff's lawyers "involved in file-and-sue cases in which little substantive work is performed, . . . and thus the lawyers who file those types of lawsuits typically do not have the type of legal experience that commands a high hourly rate" (DE 60 p. 8). Finally, Defendant points out that Plaintiff failed to offer an expert witness to testify on what a reasonable hourly rate for defense counsel should be.

### July 23, 2009 Hearing

At the hearing on July 23, 2009, Mr. Kleppin argued that the Court should grant fees to Defendant based on Ms. Jolivert-Dorsey's failure to investigate the facts underlying the complaint prior to filing it. In support, Mr. Kleppin noted that, at the motion to dismiss hearing, Plaintiff's own attorney admitted that Plaintiff would need to make 50 or 70 telephone calls a day for telephone use to be regular and recurrent, but could not say if that standard had been met. Mr. Kleppin argued Defendant should receive fees from the very start of the case, or at least from the time the district court's order put Plaintiff on notice that the case may be frivolous.

Ms. Jolivert-Dorsey responded that she had done her due diligence by questioning Plaintiff about "what her job duties were, [and] the nature of the business for the employer she worked for." Ms. Jolivert-Dorsey stated that based on those conversations she ascertained that Defendant was engaged in interstate commerce and that the Plaintiff's duties included engaging in interstate commerce. In particular, Ms. Jolivert-Dorsey pointed out that Plaintiff stated in her affidavit that she contacted out-of-state insurance companies using the telephone, mail and facsimile machines. Ms. Jolivert-Dorsey admitted that at the time she filed the case, she did not have any supporting case

law in which a local doctor's office qualified under the FLSA.

## DISCUSSION

The Defendant moves the Court to assess sanctions against Plaintiff, individually, and Ms. Jolivert-Dorsey. Because the standard for such relief is different in each instance, the Court will examine them separately.

### Standard For an Award of Fees Against the Plaintiff

First, the Court examines whether attorneys' fees should be personally assessed against Plaintiff. While the FLSA gives a prevailing plaintiff an entitlement to attorneys' fees, 29 U.S.C. § 216(b), it does not address the circumstances under which an award of attorneys' fees may be made to a prevailing defendant. Without statutory authority to the contrary, federal courts follow the "American Rule," which is that litigants may not recover attorneys' fees. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).

Courts, however, have the inherent authority to deviate from the "American Rule" in certain instances. Where claims have been brought under the FLSA, the Eleventh Circuit holds that such deviation is appropriate "only where the district court finds that the plaintiff litigated in bad faith." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998). The Court is not to infer bad faith from the ultimate validity of the case. Indeed, the Supreme Court cautions, "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg Garment Co. V. E.E.O.C., 434 U.S. 412, 422 (1978). The Court is instead to "focus[] on a party's conduct and motive." Murray v. Playmaker Servs. LLC, 548 F.Supp. 2d 1378, 1381 (S.D. Fla. 2008).

Judge Ryskamp dismissed Plaintiff's claim because Defendant did not fall within the ambit

of the FLSA. Defendant's arguments for sanctions rest on the assumption that this ruling was the obvious consequence of the facts before Court. Perhaps, but Plaintiff, herself, cannot be held responsible for legal conclusions, regardless of their obviousness. Moreover, nothing in the record indicates Plaintiff knew or should have known about the legal viability of her claim. In fact, one would imagine that the vast majority of employees assume they can sue an employer who does not pay them overtime. Notably, Judge Ryskamp has previously addressed this precise issue in <u>Murray v. Playmaker Services LLC</u>. 548 F.Supp. 2d 1378. In <u>Murray</u>, Judge Ryskamp found that, even if plaintiff's counsel could have determined whether the suit was meritorious, there was no evidence the plaintiff herself, untrained in the law, could have made that determination, and that it appeared the plaintiff believed she was entitled to recovery. <u>Id.</u> at 1382. The court concluded that the defendant had failed to meet the high standard of bad faith required for an award of attorneys' fees against the plaintiff. <u>Id.</u> The present situation is on all fours with the one confronting Judge Ryskamp in <u>Murray</u>. Accordingly, even if the claim was legally frivolous, the Court will not sanction Plaintiff for not being aware of the FLSA's jurisdictional requirements.

Defendant also argues that sanctions against Plaintiff are appropriate because she brought her suit in bad faith or with malice. Defendant's contention rests on the fact that Plaintiff stated that she did not intend to sue Defendant at the unemployment hearing only to subsequently file suit. Essentially, Defendant asks the Court to infer improper motive from the fact that Plaintiff changed her mind. The Court declines to do so. Finding that a Plaintiff, personally, acted in bad faith is not a conclusion this Court will reach lightly, and, in this instance, indecision is no reason for the Court to so find.

### Standard For an Award of Fees Against Plaintiff's Counsel

The Court now looks to whether attorneys' fees are appropriate against Ms. Jolivert-Dorsey. Of course, the "American Rule" remains in play. But, unlike the situation with Plaintiff personally, here, there is a potential statutory entitlement for an award of attorneys' fees under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

### Federal Rule of Civil Procedure 11

By signing the Complaint, Ms. Jolivert-Dorsey made certain representations to the Court. These include the representations that the Complaint's factual contentions have evidentiary support, Fed. R. Civ. P. 11(b)(3), and that the claims in it are "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . .." Fed. R. Civ. P. 11(b)(2). Defendant argues that the Complaint was frivolous, and that by signing it, Ms. Jolivert-Dorsey failed to meet her Rule 11 obligations such that sanctions under Rule 11(c) are appropriate. This argument addresses the substantive component of Rule 11.

Rule 11, however, also has strict procedural requirements that must be met before assessing sanctions. Subsection (c) states in pertinent part:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated that rule or is responsible for the violation.

On November 25, 2009, Judge Ryskamp issued an Order to Show Cause, which, among other things, cautioned Ms. Jolivert-Dorsey "that if, after the conclusion of the limited discovery period, this Court determines that this lawsuit is frivolous under Rule 11, counsel will be personally responsible for any attorneys' fees and costs defendants incur in defending this matter" (DE 9 p.2). Judge Ryskamp never found the case frivolous, and that is one of the issues before the undersigned. But

before reaching that determination, the Court must determine whether the Order to Show Cause is adequate notice to Ms. Jolivert-Dorsey for purposes of assessing sanctions under Rule 11. The Court finds that it is not.

Rule 11(c)(3) states that "the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." The Order to Show Cause, does not possess the required specificity to meet Rule 11(c)(3)'s standards. And the Court must first issue a show-cause order under Rule 11(c)(3) before it may order a monetary sanction against an attorney. Fed. R. Civ. P. 11(c)(5)(B). Accordingly, Rule 11 does not give authority to the Court to grant Defendant's Motion for Attorneys' Fees.

## 28 U.S.C. § 1927

The Court can also assess attorneys' fees against Ms. Jolivert-Dorsey under 28 U.S.C. § 1927, which states the following:

> Any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Two initial points must be noted. First, the statute is penal in nature and, as such, must be strictly construed. Murray, 548 F.Supp.2d at 1382. Second, by its language §1927 does not contemplate sanctions for the filing of a frivolous suit. Ellis v. All Of My Sons Moving & Storage of Orlando, Inc., 2009 WL 2496626 at * 3 (M.D. Fla. Aug. 12, 2009). Sanctions for the filing of a frivolous suit may only be awarded under Rule 11 or the Court's inherent authority. So, the issue with § 1927 is whether Ms. Jolivert-Dorsey multiplied the proceedings "vexatiously."

Section 1927 does not define "vexatiously," but the Eleventh Circuit holds that "vexatious" is synonymous with "bad faith." Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir.

2003). Bad faith requires more than mere negligence. Murray, 548 F.Supp.2d at 1382.

The record does not indicate that Ms. Jolivert-Dorsey multiplied the proceedings in bad faith. On October 15, 2008, Ms. Jolivert-Dorsey filed the complaint. On October 28, 2008, the Court issued an FLSA Scheduling Order, which required Plaintiff to answer the Court's interrogatories within fifteen days. On November 7, 2008, Plaintiff answered the interrogatories. Three days later, on November 10, 2008, Defendant filed a motion to dismiss for lack of jurisdiction. Ten days later, Plaintiff filed a motion to stay briefing on the motion to dismiss pending discovery. On November 25, 2009, Judge Ryskamp issued an order to show cause, which required Plaintiff to submit an affidavit providing facts to support her contention that "defendant does have more than two employees engaged in interstate commerce" (DE 9). The order went on to state that, if the affidavit was sufficient, the Court would allow limited discovery to proceed. Plaintiff filed her affidavit in response. The Court, ultimately, found her affidavit insufficient and required Plaintiff to file a response to the motion to dismiss or for summary judgment. On February 3, 2009, Plaintiff filed a notice of supplemental authority, which, on Defendant's motion, was ultimately stricken as an impermissible sur-reply. The Court had a hearing on the motion to dismiss or for summary judgment, and the Court granted the Defendant's motion. As the above synopsis indicates, the proceedings in this action were limited and, quite simply, do not indicate bad faith by Ms. Jolivert-Dorsey. She did not file numerous motions. She did not propound expansive or burdensome discovery requests. And she did not seek to unreasonably extend the process: she moved only once to continue the hearing on Defendant's motion to dismiss. Accordingly, Defendant is not entitled to fees under § 1927.

<u>Inherent Authority</u>

While there is no statutory authorization for an award of attorneys' fees in this instance, the Court may award fees under its inherent authority. "The key to unlocking a court's inherent power is a finding of bad faith." <u>Barnes v. Dalton</u>, 158 F.3d 1212, 1214 (11th Cir. 1998). As the Court has made clear, it is not particularly troubled with how the case was handled once the complaint was filed. The Court, however, is concerned with the efforts Ms. Jolivert-Dorsey undertook before filing suit. "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." <u>Barnes</u>, 158 F.3d at 1214.

The Court asked Ms. Jolivert-Dorsey what her due diligence before bringing suit had been. Her response:

> I elicited from her what her job duties were, the nature of the business for the employer that she worked for. And we assessed that she did, in fact, work for an enterprise that engages in Interstate Commerce, that her job duties were set forth in her affidavit that those included duties that would have had her, again, engaging in Interstate Commerce.

She elaborated at another point:

> Ms. Jolivert-Dorsey: In discussing with the client what [her] job duties were – that these were job duties that she did on a daily basis, it was our belief that she recurrently engaged in work that construed and that was Interstate Commerce and that they worked for an enterprise that worked in Interstate Commerce.
>
> Court: What did you do to verify what she told you?
>
> Ms. Jolivert-Dorsey: We did not engage in any discovery. We sought to –
>
> Court: Did you pick up the phone and call the doctor's office and say, are you represented by counsel? I need somebody to talk to me because we're considering a lawsuit. And this is a presuit conversation to determine whether or not you were engaged in Interstate Commerce? Did you do that?
>
> Ms. Jolivert-Dorsey: Your Honor, we did not call the employer to ask if what

plaintiff was telling us was her job duties was her job duties.

The Court makes no determination as to whether counsel's approach would have been adequate in other circumstances. But, here, the nature of Plaintiff's job and Defendant's business – even in roughest sketch – should have indicated to Ms. Jolivert-Dorsey that FLSA coverage was not certain, and further investigation was necessary.

As counsel was aware, certain jurisdictional pre-requisites must be met before the FLSA applies. Plaintiff must be either "engaged in commerce, or in the production of goods for commerce, or [be] employed [by an] enterprise engaged in commerce or in the production of goods for commerce . . . ." 29 U.S.C. § 207(a)(1). To be an "enterprise" under the FLSA, a business must employ two or more employees engaged in commerce or in the production of goods for commerce, or that handle sell or otherwise work on goods or materials that have been moved or produced in commerce, and gross at least $500,000 a year. 29 U.S.C. § 203(s)(1)(A).

The Court finds that Ms. Jolivert-Dorsey did not undertake the necessary efforts to determine that either of these two bases existed before filing suit.

As to a possible claim of individual coverage, Plaintiff argued (1) that 70% of the patients were non Florida residents, (2) that she regularly used the telephone, internet and facsimile machine to contact out of state insurance companies, and (3) that she processed patient's credit card payments. The Court takes each argument in turn.

First, Ms. Jolivert-Dorsey should have known that the fact 70% of Defendants patients were non Florida residents does not establish jurisdiction. In 2006, two years before Plaintiff filed her complaint, the Eleventh Circuit held the following:

> When goods reach the customer for whom they were intended, the interstate journey

> ends and employees engaged in any further intrastate movement of the goods are not covered under the [FLSA]. Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce moved in interstate commerce for intrastate use. Therefore, a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers.

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1267 (11th Cir. 2006)(internal citations omitted). This determination is binding precedent, and clearly establishes that the mere fact that 70% of Defendant's patients arrived from out-of-state is not enough to make treating them intrastate an interstate activity. Ms. Jolivert-Dorsey submitted no evidence and took no steps to establish facts to distinguish the instant case from binding precedent. She failed, for example, to suggest that "defendant solicited business from patients while they were out of state" (DE 45 p. 6).

Second, Plaintiff argued that she was engaged in interstate commerce because she regularly used the phone, internet or facsimile machine to contact out of state insurance companies. In Thorne, the Eleventh Circuit also addressed this argument. "For an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce . . . by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails or travel." Id. at 1266. Once again, there is no indication that Ms. Jolivert-Dorsey took any steps to determine whether the Plaintiff's use of the telephone or facsimile machine was regular and recurrent. In the hearing before Judge Ryskamp, Ms. Jolivert-Dorsey's co-counsel, Michael O'Donnell, suggested that 50 or 70 daily interstate telephone calls may be necessary to make telephone use regular and recurrent. The Court has no opinion on this proposition. But, the Court is troubled by the fact that Ms. Jolivert-Dorsey made no effort to determine the number of interstate calls Plaintiff made each

day before filing suit.

Third, Plaintiff argues that she engaged in interstate commerce because she processed patient's credit card payments. This argument is exceedingly dubious. But, more important for present purposes is the fact that Ms. Jolivert-Dorsey made no effort to determine the number of payments Plaintiff processed. Instead, Ms. Jolivert-Dorsey relied on the bold – and unsupported – proposition that any employee who handles credit card payments is, per se, engaged in interstate commerce rather than conduct any investigation into the jurisdictional merits of Plaintiff's claim. Due diligence requires more.

Lastly, Plaintiff argued that Defendant is an enterprise under the FLSA. To be an enterprise, a business must employ two employees engaged in commerce. Here, once again, Ms. Jolivert-Dorsey did not undertake the necessary investigation before filing suit. This deficiency is laid out in Judge Ryskamp's Order Granting Summary Judgment:

> Plaintiff averred that she was engaged in interstate commerce through long distance phone calls and facsimiles as well as processing patient's credit card payments. She says that while employed, defendant and an officer manager, Ms. Erb, were also employed. Plaintiff, however, did not state that defendant or Ms. Erb engaged in the same type of alleged interstate activity. Plaintiff then states that the company periodically hired other full time employees who engaged in the same activity as plaintiff. Plaintiff, however, failed to provide the frequency with which defendant employed others to engage in the same type of office work that plaintiff alleges she performed. Moreover, plaintiff failed to allege what percentage that employee's time was spent performing the alleged interstate activity.

(DE 45 p. 6). It is important to note that Plaintiff's case did not fail because she could not prove enterprise liability. It failed because she did not even allege the requisites for enterprise liability.

## Amount of Sanctions

The Court finds that Ms. Jolivert-Dorsey did not make the necessary inquiry into the facts

underlying Plaintiff's claim before filing the complaint. The Court finds that, in this instance, such inaction is tantamount to bad faith. Accordingly, the Court finds that sanctions against Ms. Jolivert-Dorsey are warranted. The Court must now determine the appropriate amount of sanctions. Defendant seeks all of his attorneys' fees, which total $15,990. The Court finds that this amount is excessive.

"Because a court's inherent powers are so potent, they must be exercised with restraint and discretion." Malautea v. Suzuki Motor Company Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993). In fashioning the appropriate sanctions, the Court must balance twin aims: to grant redress to the harmed party, and to ensure that the sanctionable conduct is not repeated. The Court finds that Defendant is entitled to those attorneys' fees incurred prior to the point in which Judge Ryskamp issued his Order to Show Cause, which limited the proceedings in this case to those necessary for a determination of jurisdiction. Once Defendant's Motion to Dismiss made Ms. Jolivert-Dorsey aware of the jurisdictional defects of the complaint, she should have moved to limit the consequence of the defects in this manner. The Court will give Ms. Jolivert-Dorsey the benefit of the doubt and assume she was about to move to limit discovery but was preempted by Judge Ryskamp. The Court also finds the attorneys' fees incurred trying to procure an award of attorneys' fees should be awarded as well.

Within this framework, Mr. Kleppin spent 23.9 hours and billed $300 an hour, which totals $7,7170. To determine whether this amount is a reasonable award of attorneys' fees, the Court uses the lodestar analysis.

### The Lodestar Analysis

The law in this circuit for assessing the reasonableness of fees is set out in Norman v. Hous.

Auth. of Montgomery, 836 F.2d 1292 (11th Cir.1988). According to Norman, the starting point in determining an objective estimate of the value of professional services is to calculate the "lodestar" amount, by multiplying a reasonable hourly rate by the number of hours reasonably expended. Id. at 1299 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A district court must elucidate the manner in which it determines a reasonable award of fees. Id. at 1304.

Reasonable Fees

To determine a reasonable fee award, the Court must consider customary hourly fees charged in this community for similar services, as well as the number of hours expended on the case. Norman, 836 F.2d at 1299. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)).

After determining a reasonable hourly rate, the Court must next evaluate the requested fees for reasonableness in terms of total hours expended. In determining the reasonable number of hours expended, a court must exclude from the amount claimed any hours that are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. In other words, a fee applicant must exercise "billing judgment." Id. In exercising proper billing judgment, a party should have excluded those hours that would be unreasonable to bill a client without reference to skill, reputation or experience. Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing Norman, 836 F.2d at 1301).

The Court finds that $300 an hour is a reasonable rate for an attorney of Mr. Kleppin's skill and experience. Mr. Kleppin has practiced since 2003 and has concentrated in Labor and Employment law for the last six years. He has charged clients $300 an hour since 2008. After examining Mr. Kleppin's time sheet, the Court further finds that the time spent during the selected

periods is reasonable. Plaintiff argues that spending 3.2 hours on the motion to dismiss is excessive. The Court disagrees. Defendant's motion was well-reasoned, thorough and persuasive, and 3.2 hours is not excessive for such a motion. Accordingly, the Court finds that $7,170 is a reasonable award of attorneys' fees.

## RECOMMENDATION TO THE DISTRICT COURT

As elaborated above, the undersigned respectfully RECOMMENDS that Defendant's Motion for Attorneys' Fees (DE 47) be GRANTED in the amount of $7,170 to be assessed against Plaintiff's counsel, Ms. Jolivert-Dorsey.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this ___ day of September, 2009.

ANN E. VITUNAC
United States Magistrate Judge