UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81191-CIV-RYSKAMP/VITUNAC

SHAWNTA DENT,

    Plaintiff,

v.

JOSEPH A. GIAIMO, D.O., P.A.,

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court upon the Report and Recommendation **[DE 69]** of United States Magistrate Judge Ann E. Vitunac. Pending before Judge Vitunac was defendant's Verified Motion for Attorney's Fees **[DE 47]**. Plaintiff filed a response **[DE 53]**, defendant filed a reply **[DE 60]**, and Judge Vitunac held a hearing on the motion on July 23, 2009. In her report, Judge Vitunac recommends that this Court grant the defendant's Motion for Attorney's Fees in the amount of $7,170 to be assessed against plaintiff's counsel, Ms. Jolivert-Dorsey. Defendant filed an objections to the Report & Recommendation **[DE 70]** on October 5, 2009. Plaintiff did not file an objection and the time to do so has now passed.

Judge Vitunac found that counsel's failure to investigate the plaintiff's claim before filing the complaint was tantamount to bad faith. Based on this inaction, Judge Vitunac found that sanctions against plaintiff's counsel were warranted. Judge Vitunac declined to award the total amount of fees requested by the defendant, finding that the amount requested was excessive. Instead, Judge Vitunac awarded defendant the portion

of fees incurred prior to the point at which this Court entered an Order to Show Cause, limiting the proceedings in the case to those necessary for a determination of jurisdiction.

Defendant objects to Judge Vitunac's recommendation of a partial award of attorney's fees and argues that Judge Vitunac erred by failing to award the entire amount requested. Defendant contends that the filing of a bad faith complaint should warrant an award of all reasonable attorney's fees incurred in the litigation. Defendant argues that it is inconsistent for Judge Vitunac to find that the hourly rate and number of hours spent on the case to be reasonable, but then to find that the total amount of fees requested to be excessive.

"[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1546 (11th Cir. 1993) (citing *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985). The award of attorneys' fees is based on the these inherent powers, which "are so potent, they must be exercised with restraint and discretion." *Malautea*, 987 F.2d at 1546. Sanctions are meant to have both penal and deterrent effects. *See id.* (recognizing that the imposition of sanctions serves to deter and punish the actions of errant lawyers).

This Court finds that Judge Vitunac did not err in recommending that the defendant be awarded only a portion of the attorney's fees he requested. While the Court may, in its discretion, award all of the attorney's fees incurred during the litigation, the Court is certainly not required to do so. Indeed, the Court must exercise restraint in imposing such sanctions. The sanctions recommended by Judge Vitunac serve this two-fold purpose of sanctions while showing restraint. The sanctions punish plaintiff's

counsel for her bad faith actions before this Court and serve as a warning that such actions will not be tolerated by this Court. The law does not require a full award and neither will this Court.

This Court has conducted a *de novo* review of the motions, Report and Recommendation, objections, and the relevant portions of the record.

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that:

(1) The Report of Magistrate Judge Vitunac **[DE 69]** be, and the same hereby is, **RATIFIED**, **AFFIRMED** and **APPROVED** in its entirety; and

(2) Defendant's Motion for Attorney's Fees **[DE 47]** is hereby **GRANTED** in the amount of $7,170 to be assessed against plaintiff's counsel, Ms. Jolivert-Dorsey.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 16 day of October, 2009.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE